```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
ARLENE MEYERS,

                    Plaintiff,          MEMORANDUM & ORDER
                                        18-CV-4399(JS)(GRB)

          -against-

HON. MATTHEW G. HUGHES, GARY
ROSENTHAL, PAT ALHEIDT, JACOB
KUTNICKY, MARGARET MARY TRAINOR,
CAROLYN KING, ADEMOLA KOLAWAK,
THOMAS W. MCNALLY, LORETTA
MEYERS,

                    Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:      Arlene Meyers, pro se
                    87-31 164th Street
                    Jamaica, NY 11432

For Defendants:     No appearances.
```

SEYBERT, District Judge:

On July 26, 2018, Arlene Meyers ("Meyers" or "Plaintiff"), acting pro se, filed a Complaint in the United States District Court for the Southern District of New York together with an application to proceed in forma pauperis and an application seeking "Immediate Emergency Relief." By Transfer Order also dated July 26, 2018, Chief United States District Judge Colleen McMahon transferred the case to this Court and, on August 3, 2018, it was assigned to the undersigned. This action seeks to challenge rulings concerning visitation with and custody of Plaintiff's daughter made during an on-going neglect action brought by the

Department of Social Services in the Family Court of the State of New York, County of Suffolk ("State Court") under Docket Numbers NN-8154-16, NN-8166-16, and NN-8154-16/17C. By Electronic Order dated August 6, 2018, Plaintiff's Motion for Emergency Relief was denied.

For the reasons that follow, Plaintiff's application to proceed in forma pauperis is GRANTED. However, the Complaint is sua sponte DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction pursuant to FED. R. CIV. P. 12(h)(3).

## BACKGROUND[1]

Plaintiff's brief, handwritten Complaint is submitted on the Southern District's general complaint form and seeks to challenge rulings made in an underlying state court child neglect case, including a temporary order of removal granting sole custody of her daughter to Loretta Meyers, who is alleged to be Plaintiff's adoptive mother.[2] (See Compl., Docket Entry 2.) Although difficult to comprehend, Plaintiff claims a "due process violation/forced trial by porgery, right to fair/hearing/trial

---

[1] Excerpts from the Complaint are reproduced here exactly as they appear in the original. Errors in spelling, punctuation, and grammar have not been corrected or noted.

[2] Annexed to the Complaint are an additional sixty-five pages of exhibits which appear to be copies of documents filed in the underlying family court case.

violation right to raise child, kidnapping, freedom of speech violation." (Comp. ¶ I.) In its entirety, Plaintiff statement of facts alleges:

> Matthew Hughes knowingly and unlawfully allowed bribery and purgery in his courtroom wherein my daughter was left in the care of a documented child molester/abuser. Then unlawfully withheld from me while falsely claiming permanent neglect on my behalf. Carolyn King, Pat Alheidt, Ademola Kolawale broke Social Service Law 378-a by disregarding a criminal background before placing a child, also withholding primary evidence stifling case progression. Also purgerizing testimonies under oath and lying in legal documentation furthermore accused me, plaintiff of forging government paperwork in order to stop my child from returning for financial gain. Thomas McNally, Margaret Trainor - forcing me into a trial! Gary Rosenthal and Jacob Kutnicky are attorneys who unlawfully stole legal documents, coached testimonies, and withheld evidence in order to deceive the courts and try to make way legally to give my child into a harmful environment. Loretta Meyers is my adoptive mother who adopts and fosters children for financial gain while neglecting and physically abusing them and has been known to pay off officials.

(Compl. ¶ III.) In the space on the form Complaint that calls for a description of any claimed injuries, Plaintiff alleges that she was

> assaulted by 3 family court officers and incarcerated suffering a concussion, corneal abrasions, fractured bone underneath my eye and semi-permanent swelling in bruising to my left eye. Forced to plead guilty in order to return to fight for my child.

(Compl. ¶ III.) For relief, Plaintiff alleges that she

> was a 23 year old woman with no criminal history and suddenly began to accumulate criminal charges. Putting forth respectfully emotional distress claim, slander,

and loss of wages seeing as I lost 3 jobs coming back and forth to Court. Also seeking immediate return of my daughter and police brutality by physical harm.

(Compl. ¶ IV.)

## DISCUSSION

I. <u>In Forma Pauperis Application</u>

Upon review of Plaintiff's declarations in support of her application to proceed <u>in forma pauperis</u>, the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fees. <u>See</u> 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's request to proceed <u>in forma pauperis</u> is GRANTED.

II. <u>Application of 28 U.S.C. § 1915</u>

Section 1915 of Title 28 requires a district court to dismiss an <u>in forma pauperis</u> complaint if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. <u>See</u> 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). The Court is required to dismiss the action as soon as it makes such a determination.

Courts are obliged to construe the pleadings of a <u>pro se</u> plaintiff liberally. <u>See</u> <u>Sealed Plaintiff v. Sealed Defendant</u>, 537 F.3d 185, 191 (2d Cir. 2008); <u>McEachin v. McGuinnis</u>, 357 F.3d 197, 200 (2d Cir. 2004). However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on

its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678; accord Wilson v. Merrill Lynch & Co., 671 F.3d 120, 128 (2d Cir. 2011). While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

Further, a district court has the inherent power to dismiss a case, sua sponte, if it determines that the court lacks jurisdiction over the matter. FED. R. CIV. P. 12(h)(3).

III. The Domestic Relations Exception Bars Plaintiff's Claims

Under the domestic relations exception, "divorce, alimony, and child custody decrees" remain outside federal jurisdictional bounds. Marshall v. Marshall, 547 U.S. 293, 308, 126 S. Ct. 1735, 1746, 164 L. Ed. 2d 480, 495 (2006) (internal quotation marks and citation omitted); Rabinowitz v. New York, 329 F. Supp. 2d 373, 376 (E.D.N.Y. 2004) (dismissing pro se complaint

5

seeking to challenge state court child custody order because federal court review was barred by the domestic relations exception) (citing Ankenbrandt v. Richards, 504 U.S. 689, 703, 112 S. Ct. 2206, 2214-15, 119 L. Ed. 2d 468 (1992); Mitchell-Angel v. Cronin, 101 F.3d 108 (2d Cir. 1996) (unpublished opinion); American Airlines v. Block, 905 F.2d 12, 14 (2d Cir. 1990)). This exception is based upon a "policy consideration that the states have traditionally adjudicated marital and child custody disputes and therefore have developed competence and expertise in adjudicating such matters, which the federal courts lack." Thomas v. N.Y. City, 814 F. Supp. 1139, 1146 (E.D.N.Y. 1993).

As is readily apparent, Plaintiff's claims here seek to challenge determinations in the state family court: (1) placing her child in the custody of the Department of Social Services who, in turn, has placed the child with Plaintiff's adoptive mother, Loretta Meyers; and (2) limiting Plaintiff's visitation with her daughter. Such claims unquestionably implicate the judicially recognized exception to federal subject matter jurisdiction in cases involving domestic relations. Specifically, the Supreme Court has recognized "that [t]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States." Ankenbrandt, 504 U.S. at 703, 112 S. Ct. at 2214 (internal

quotation marks and citation omitted); Sobel v. Prudenti, 25 F. Supp. 3d 340, 353 (E.D.N.Y. 2014) (The domestic relations exception "divests the federal courts of power to issue divorce, alimony, and child custody decrees." (internal quotation marks and citation omitted); see also Hernstadt v. Hernstadt, 373 F.2d 316, 317 (2d Cir. 1967) ("Since the very early dicta [of] In re Burrus, 136 U.S. 586, 10 S. Ct. 850, 34 L. Ed. 500 (1890), it has been uniformly held that federal courts do not adjudicate cases involving the custody of minors and, a fortiori, rights of visitation.").

Although Plaintiff styles some of her claims as raising constitutional issues, the allegations stem from a state domestic relations matter and are thus outside this Court's jurisdiction. McArthur v. Bell, 788 F. Supp. 706, 709 (E.D.N.Y. 1992) (former husband's 42 U.S.C. § 1983 action in which he claimed that his constitutional rights were violated in proceedings in which former wife obtained upward adjustment of child support would require the court to "re-examine and re-interpret all the evidence brought before the state court" in the earlier state proceedings and, therefore, the district court did not have subject matter jurisdiction) (citing Neustein v. Orbach, 732 F. Supp. 333 (E.D.N.Y. 1990) (district court lacked jurisdiction because it could not resolve factual disputes connected to domestic relations)); see also Sullivan v. Xu, 10-CV-3626, 2010 WL 3238979,

at *2 (E.D.N.Y. Aug. 13, 2010) (no jurisdiction over the plaintiff's challenges to child custody and child support orders).

Accordingly, because Plaintiff seeks a determination that she was improperly denied custody and/or visitation with her child, the Court lacks jurisdiction and this action is barred by the domestic relations exception to this Court's jurisdiction. The Complaint is thus DISMISSED pursuant to FED. R. CIV. P. 12(h)(3). See Neustein, 732 F. Supp. at 339 (an action is barred by domestic relations exception if, "in resolving the issues presented, the federal court becomes embroiled in factual disputes concerning custody and visitation . . . .").

## IV. The Rooker-Feldman Doctrine Also Bars Plaintiff's Claims

Even if Plaintiff's Complaint was not barred by the domestic relations exception, the Rooker-Feldman doctrine precludes review of Plaintiff's claims in this Court. Coalescing the Supreme Court's holdings in District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983) and Rooker v. Fidelity Trust Co., 263 U.S. 413, 414-17, 44 S. Ct. 149, 150, 68 L. Ed. 362 (1923), the Rooker-Feldman doctrine prohibits federal district courts from considering collateral attacks to state court judgments. There are four requirements for the application of the Rooker-Feldman doctrine: (1) the federal-court plaintiff must have lost in state court; (2)

8

the plaintiff's injuries must be caused by the state court judgment; (3) the plaintiff's claims must invite the district court to review and reject the state court judgment; and (4) the state-court judgment must have been rendered prior to the commencement of the district court proceedings. See Hoblock v. Albany Cty. Bd. of Elections, 422 F.3d 77, 85 (2d Cir. 2005). "A plaintiff may not overcome the doctrine and seek a reversal of a state court judgment simply by casting his [or her] complaint in the form of a civil rights action." Rabinowitz v. New York, 329 F. Supp. 2d 373, 376 (E.D.N.Y. 2004) (internal quotation marks and citation omitted).

Here, Plaintiff's allegations seek to collaterally attack the state court's orders against Plaintiff relating to the custody and visitation of her daughter. Plaintiff who has lost in state court and who now complains of injuries caused by the state court, invites this Court to review and reject the state court orders, all of which were issued on or before January 11, 2018, well before Plaintiff filed her Complaint in this Court on July 26, 2018.[3] Thus, because all of the Rooker-Feldman requirements are satisfied, the Court lacks jurisdiction to

---

[3] See Compl. at ECF p. 39, ¶ 5, referencing the Permanency Hearing Order, dated Jan. 11, 2018, continuing the placement of the child in the custody of the Department of Social Services.

adjudicate Plaintiff's claims. Accordingly, the Complaint is DISMISSED pursuant to FED. R. CIV. P. 12(h)(3) on the additional ground that the Rooker-Feldman doctrine divests this Court of jurisdiction.

V.   Leave to Amend

Given the Second Circuit's guidance that a pro se complaint should not be dismissed without leave to amend unless amendment would be futile, Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000), the Court has carefully considered whether leave to amend is warranted here. Because the defects in Plaintiff's claims is substantive and would not be cured if afforded an opportunity to amend, leave to amend the Complaint is DENIED.

CONCLUSION

For the reasons set forth above, Plaintiff's application to proceed in forma pauperis is GRANTED. However, the Complaint is sua sponte DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction pursuant to FED. R. CIV. P. 12(h)(3).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore leave to appeal in forma pauperis is DENIED for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is directed to mail a copy of this Order to Plaintiff and to mark this case CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: August  7 , 2018
       Central Islip, New York